Bullard, J.
In this case it appears, that the appellant, Moreau, purchased of Bacchus certain real property for seven thousand dollars, of which five thousand were paid in hand. For the remaining two thousand he gave his note payable at the office of the Parish J udge of the parish of Jefferson, two years after date, with interest at six per cent from maturity, and on the face of the note the obligor says: “I reserve to myself to postpone payment for five years.” The payment is secured by mortgage on a part of the property sold ; and in the act of sale there is a stipulation to the effect, that if the purchaser shalL think proper to postpone the payment of his note for five years from its maturity, he may do so, on paying upon the amount of the note an annual interest of six per cent, payable at the beginning of each year, to the vendor, or any bearer of the'note upon his receipt.*
The note was protested upon maturity, payment' of it having been demanded at the office of the Parish Judge; and thereupon, the plaintiff took out an order of seizure, which was enjoined upon the ground, that the defendant had a right to renew the note according to the stipulation in the act, on the payment of the interest in advance, which he alleges he has always been ready to pay, and which he deposited in court.
The injunction was dissolved, and the defendant appealed.
The record shows, that on the 18th of April, about three weeks after the note fell due, Moreau wrote to Bacchus, that knowing that his note was to fall due on the 27th of the preceding month, he had looked for him in order to pay him the interest upon $2000, which he owed him.
It appears to us, that the expression on the face of the note, “ I reserve to myself to postpone payment for five years,” was an acceptance of the offer to do so, on the payment of interest each year in advance. The act itself left to the defendant the option to pay at maturity, or to postpone the payment of the *541 principal sum for several }mars, on the payment of the interest at the commencement of each year. Having made his election, as expressed on the face of the note, it became an agreement between the parties, that the principal should not be exigible until after five years, on the payment of interest at the commencement of each year. The note and the notarial act being construed together, may well be considered as proving such a contract ; and it is tantamount to a note payable five years after date, with the interest payable and exigible each year, at its commencement. The question then is, whether the failure of the maker to pay the second year’s interest, operates as a forfeiture of the term, or right to delay payment ? We are of opinion that it does not. No such penalty is expressed ; and, in our opinion, it is not implied from the nature of the agreement itself. A right of action accrued to the holder of the note to recover each year, at its commencement, the year’s interest, independently of the principal. The payment of the interest being secured by mortgage, as well as the principal, an order of seizure and sale might be issued to make the same out of the mortgaged premises.
It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed; and ours is, that the injunction be reinstated, reserving to the appellee the right to take out of court the year’s interest deposited, and to proceed for another year’s interest, which has since fallen due, and successively as the same may hereafter fall due, if not punctually paid ; and it is further ordered, that, the plaintiff pay all the costs, except those incurred before the deposite of the money in court, and that those be paid by the appellant.

 The act and note were executed on the same day, and the former paraphed, by the notary, to connect it with the act of sale, in which a mortgage was reserved to secure its payment.